When the plaintiff rested at the trial, the defendants' counsel moved to dismiss the complaint on the grounds: First. That the accident was occasioned by the negligence of the child; Second. That there was no proof of any pecuniary or special injury sustained by the plaintiff or next of kin, in consequence of the death of the child. On examining the evidence upon the question of *Page 320 
negligence I am satisfied that it was proper for the consideration of the jury, and the charge in that respect has not been complained of. As to the other ground of the motion, it is sufficient answer that without any special proof of pecuniary loss, nominal damages, at least, could be recovered. The statute, in terms, gives the action to the representative in all cases where the person injured would be entitled to sue if death had not ensued. (Laws of 1847, 575.) In this case, if the child had been only wounded instead of killed, the action to recover the expenses incurred in its cure and for the loss of service could have been maintained only by the parent or person entitled to the service. But the child could also sue for the personal wrong to itself, and could recover, at least, a nominal compensation. Whether more than that, or what amount could be recovered, would depend on circumstances in regard to which it is unnecessary to speculate. It is enough that the action would lie, for that brings the present suit within the very terms of the statute.
In the course of the trial, evidence was received to show that there were no guards in front of the wheels of the defendants' car. The complaint alleges that the car was driven over the child carelessly and negligently by the defendants' servant, and it says nothing about the guards; and on this ground it was insisted that the evidence should not be admitted. On this point I concur in the observations of Mr. Justice Woodruff, in the court below, who thought the evidence admissible on the ground that what would be prudent and careful in the management of a well constructed car, provided with brakes and guards to prevent injury in case of accident, might be imprudent and careless in driving a car not thus provided. It is hardly probable that this evidence had any influence upon the result of the trial; but I cannot say it was so remote from the question of the negligent driving and management of the car, that it ought not to have been received. *Page 321 
The judge, in charging the jury, laid down a series of propositions on the subject of damages, and the defendants' counsel put in a single exception to "all that part of the charge." On the argument before us, one and only one expression of the judge has been selected and claimed to be erroneous. The general tenor of the charge is admitted to have been correct, as it clearly was, and when such is the case, it is well settled that an exception to the whole in gross raises no question upon a particular paragraph. I think the expression referred to was loose and inaccurate; but it was the duty of the defendant, instead of putting in a general exception to a charge correct in all its essential features, to call the attention of the judge to the particular part supposed to be erroneous. Had that been done I have no doubt there would have been nothing to complain of.
The remaining points of the appellants' counsel, that the damages were excessive, and that the verdict was against evidence and against the law of the case as laid down at the trial, were properly addressed to the supreme court, which could reverse the judgment and grant a new trial on those grounds. But this court has no such power. Where a trial and general verdict have been had, we can deal only with questions of law upon exceptions duly taken, and we cannot correct the errors of the jury.
The judgment should be affirmed.
All the judges concurring,
Judgment affirmed. *Page 322